IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Ronald Johnson, | ) C/A No. 5:12-00958-JFA-KDW |
| Petitioner, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Warden, Broad River Correctional Institution, | ) |
| Respondent. | ) |

The petitioner, Michael Ronald Johnson ("Petitioner"), a state prisoner proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2), D.S.C., the undersigned is authorized to review habeas petitions for relief and submit findings and recommendations to the district court. Having carefully considered the Petitioner's submissions in this case, the court recommends that the Petition be dismissed.

I. FACTUAL AND PROCEDURAL HISTORY

On December 17, 1993, Petitioner was convicted in a South Carolina Court of General Sessions by a jury on charges of murder, burglary first, armed robbery and criminal conspiracy. ECF No. 1 at 1. Petitioner was sentenced to two (2) life sentences, as well as twenty-five (25) years and five (5) years imprisonment. Petitioner appealed his convictions and the South Carolina Supreme Court affirmed his convictions and sentences on October 30, 1995. *Id.* at 2. Petitioner took no further action until he filed a state post-conviction relief ("PCR") action on September 15, 2009, which was dismissed as untimely on March 1, 2010. *Id.* at 6; ECF No. 1-2 at 25. He appealed the denial of his 2009 PCR to the South Carolina Court of Appeals, which transferred the appeal to the South Carolina Supreme Court on March 26, 2010, ECF No. 1-2 at 8, and the South Carolina Supreme Court dismissed the appeal on May 20, 2010, ECF No. 1-2 at 26. Petitioner then filed a state petition for a writ of habeas

corpus on August 5, 2010, which was dismissed on February 2, 2012. ECF No. 1 at 2, 8.

On April 4, 2012, Petitioner signed his petition filed pursuant to 28 U.S.C. § 2254 for Writ of Habeas Corpus. The § 2254 petition presents three grounds for habeas relief. The first ground is lack of evidence for his convictions. ECF No. 1 at 5. The second ground is ineffective assistance of counsel. *Id.* at 7. The third ground is conflict of interest because his trial judge was also the appellate judge on his direct appeal. *Id.* at 8. Petitioner did not respond to the question on the § 2254 petition that required him to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." *Id.* at 13.

On April 26, 2012, an Order to Show Cause was issued to the Petitioner requiring him to file "a factual explanation to show cause why his petition should not be dismissed based on the application of the one year limitation period established by 28 U.S.C. § 2244(d)." ECF No. 9. Petitioner filed a two-page response to the Order, in which he explains that he could not read or write at the time of his appeal, and his appellate counsel did not explain any limitations on time to file his PCR proceedings. ECF No 14. He further contends that he must rely on other inmates to assist him with his legal work. The Order to Show Cause, after discussing statutory and equitable tolling of the time limit, warned Petitioner that "[u]less Petitioner provides facts concerning the issue of timeliness of his petition that would be a conclusive factor in preventing dismissal based on the limitations bar, this case will be recommended for dismissal." ECF No. 9.

II.     PRO SE HABEAS REVIEW STANDARD

This court is charged with screening Petitioner's habeas Petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. The Petition is subject to the procedural provisions of the Anti-Terrorism and Effective Death

2
<sub>(page number)</sub>

Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, including the time limit established for filing a § 2254 petition. *See* 28 U.S.C. § 2244(d). Petitioner is proceeding pro se, therefore the court is required to construe his petition liberally, because pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under this less stringent standard, however, the pro se Petition is still subject to summary dismissal. *Haines*, 404 U.S. at 520-21. A court may *sua sponte* dismiss a habeas petition if untimeliness is evident on the face of the petition, and the petitioner is first given a warning and the opportunity for explanation before dismissal. *Hill v. Braxton*, 277 F.3d 701, 706-07 (4th Cir. 2002); *see also Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (noting district courts are permitted to *sua sponte* consider timeliness of a § 2254 petition).

III. DISCUSSION

    A. Statute of Limitations

Pursuant to the AEDPA, an inmate who is incarcerated "pursuant to the judgment of a State court" and who seeks federal post-conviction habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. *Id.* at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be timely if the Petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows the following: (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances ... could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 2563.

B. Expiration of Limitations Period

Prior to passage of the AEDPA, "no statute limited the time available for a prisoner to file a habeas petition." *Brown v. Angelone*, 150 F.3d 370, 371 (4th Cir. 1998). Petitioner filed a direct appeal

4

of his 1993 convictions, which was affirmed by the state's highest court in October of 1995, so his convictions became final prior to the April 24, 1996 enactment of the AEDPA. The Fourth Circuit established that prisoners whose convictions became final prior to the AEDPA's enactment had one year from the enactment date of the AEDPA to file for federal habeas relief under § 2254. *See Brown*, 150 F.3d at 375. Thus, Petitioner had until April 24, 1997, one year from the enactment date of the AEDPA, to file his § 2254 petition.

Petitioner was constrained to file a federal habeas petition prior to April 24, 1997, to be timely, unless that time was extended based on pending state proceedings. His Petition indicates a state PCR action was not filed until 2009. Although a properly filed state court PCR action can toll the one-year period to file a § 2254 petition, 28 U.S.C. § 2244(d)(2), a state PCR action is not properly filed if the application is untimely under state law. *See Pace*, 544 U.S. at 414. Statutory tolling under § 2244(d)(2) does not apply in this case because the state PCR action was not timely filed. Accordingly, the time to file a federal § 2254 petition was not extended by statutory tolling. Petitioner's time to file a § 2254 petition expired on April 24, 1997.

      C.      Equitable Tolling

Although the limitations period is not statutorily tolled, Petitioner's § 2254 petition may nevertheless be considered if he can demonstrate that he is entitled to equitable tolling of the limitations period. Petitioner is entitled to equitable tolling of § 2254's statute of limitations only upon a showing that (1) he has pursued his rights diligently and (2) some extraordinary circumstance precluded a timely filing. *Holland*, 130 S. Ct. at 2562. Petitioner's response to the court's show cause order presents arguments for equitable tolling. Petitioner states that at the time he lost his direct appeal, he was illiterate, neither able to read nor write. Petitioner also states that, although his appellate counsel advised him to pursue PCR, his counsel "did not give [him] a specific time that [he] could file." ECF

5

No. 14 at 1.

The Fourth Circuit has acknowledged the difficulty in establishing equitable tolling in a habeas case, noting that "rarely will circumstances warrant equitable tolling." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Petitioner does not meet the standard necessary for equitable tolling based on his asserted illiteracy. *See Lewis v. Eagleton*, C/A No. 4:09-2881-GRA-TER, 2010 WL 1903985, *3 (D.S.C. April 26, 2010), adopted in 2010 WL 1903986 (D.S.C. May 11, 2010) (noting illiteracy and lack of legal knowledge were insufficient to establish equitable tolling). Because extraordinary circumstances are necessary, "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." *Bums v. Beck*, 349 F.Supp. 2d 971, 974 (M.D.N.C. 2004) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330-32 (4th Cir. 2000); *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling). Similarly, Petitioner's assertion that his state appellate counsel did not inform him of limitations on the time to file for PCR fails to state the extraordinary circumstances required for tolling. *See Rouse*, 339 F.3d at 246 (denying equitable tolling to a state capital habeas petitioner who filed his petition one day late due to his counsel's miscalculation of the limitations period). Additionally, Petitioner asserts that "he was never ordered to take a psychiatric examination," bringing "into question" his "mentality." ECF No. 14 at 1. Inasmuch as Petitioner is claiming a mental disability to establish equitable tolling, the Fourth Circuit Court of Appeals has held that equitable tolling for mental disabilities should only be granted in cases of profound mental incapacity. *United States v. Sosa*, 364 F.3d at 513 (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir.1998) (only with institutionalization or adjudged incompetence)).

Petitioner's convictions became final in 1995; he waited 14 years before he filed for state PCR in 2009. From April 27, 1997, the one-year time limit created by the AEDPA, Petitioner waited 15

6

years before filing for federal habeas relief. Petitioner fails to establish that he diligently pursued his rights during those years, and he does not present extraordinary circumstances beyond his control that would justify equitable tolling during the lengthy delay.

IV. CONCLUSION

Based on the foregoing, the court concludes that Petitioner's § 2254 petition is time barred under the AEDPA's one-year limitations period. Under Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," making this Petitioner subject to summary dismissal. Therefore, it is recommended that this case be dismissed *with prejudice* and without requiring response by Respondent.

IT IS SO RECOMMENDED.

August 6, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**Petitioner's attention is directed to the notice on the following page.**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).