UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Ronald Johnson, | ) | C/A No. 5:12-958-JFA-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden, Broad River Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Michael Johnson, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 28 U.S.C. § 2254 challenging his state court conviction for murder.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the petition should be dismissed because it is untimely. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing. The petitioner was advised of his right to file objections to the Report and Recommendation and he filed timely objections thereto.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The Report and Recommendation recites the factual and procedural background giving rise to this action. Briefly, the petitioner was convicted by a jury of murder, burglary, armed robbery, and criminal conspiracy and sentenced to two life sentences plus 30 years. He filed a timely appeal and the South Carolina Supreme Court affirmed his convictions and sentences on October 30, 1995. He took no further action until he filed a state application for post-conviction relief (PCR) on September 15, 2009. The PCR was dismissed on March 1, 2010 as untimely and the South Carolina Supreme Court dismissed the PCR appeal on March 26, 2010.

On August 4, 2012, petitioner filed this action under § 2254 alleging (1) lack of evidence for his convictions; (2) ineffective assistance of counsel; and (3) conflict of interest of the trial judge.

The Magistrate Judge contends that the petition is untimely and subject to dismissal under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The Magistrate Judge issued a rule to show cause requiring the petitioner to file a factual explanation to show why his petition should not be dismissed based on the application of the one-year limitations period under the AEDPA. Petitioner responded indicating that he could not read or write at the time of his appeal and that appellate counsel did not explain any time limitations for filing his PCR application.

As the Magistrate Judge properly notes in her Report, an application for post-conviction or other collateral relief is not properly filed if the application is untimely under

state law. *See Pace v. DeGuglielmo*, 544 U.S. 408 (2005). Moreover, the petitioner cannot show that he is entitled to equitable tolling of the limitations period. *See Holland v. Florida*, 130 S.Ct. 2549 (2010).

This court has carefully reviewed the record and the petitioner's objections to the Report and agrees with the Magistrate Judge that the petitioner provides no basis for equitable tolling. Here, this court cannot find any extraordinary circumstances, including the petitioner's alleged illiteracy, to warrant equitable tolling. Moreover, petitioner has not shown that he acted with reasonable diligence in pursuing his claims during the 14 years between when his conviction became final in 1995 until he first filed a state PCR in 2009. Because the petition is untimely under the AEDPA, the petitioner is barred from seeking federal habeas relief in this court.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference, and the petitioner's objections are overruled. Accordingly, this action is dismissed with prejudice.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322,

    IT IS SO ORDERED.

March 26, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).